UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| OZARK PHYSICAL THERAPY, LLP, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 1:15cv90 SNLJ<br>) |
| AMCO INSURANCE CO., | )<br>) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

Plaintiffs Ozark Physical Therapy, LLP, Ozark Physical Medicine, LLC, and Austin Tinsley brought this action for declaratory judgment and breach of contract against defendant AMCO Insurance Company. Presently before the Court is defendant's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (#6). No memorandum in opposition has been filed, and the time for doing so has passed.

Here, plaintiffs claim that they are entitled to recover under an insurance contract between plaintiffs and defendant that covered "structure and building losses to real property located in Butler County, Missouri and owned by Plaintiffs and covering other damages and losses sustained by Ozark Fitness." (#4 at ¶ 5.) The complaint states that the policy declarations at issue are attached as Exhibit 1, but the complaint (as filed in this Court upon removal from the state court) contains no attachments. Plaintiffs allege that they filed a claim and made a demand upon defendant for payment of losses under

1

the "policy(ies) of insurance." (*Id.* at ¶ 3.) Further, plaintiffs allege the loss happened on or about February 2, 2010.

Defendant moves for a more definite statement by plaintiff. Rule 12(e) states as follows:

> Motion for More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed by which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing responsive pleading and must point out the defects complained of and the details desired…

Specifically, defendant seeks information about (a) the location/address of the real property plaintiffs claim was damaged; (b) the nature of damages sustained by the building as a result of carbon monoxide leaks, a failed water heater, and burst pipes (and whether the pipes were water pipes); (c) the nature and amount of "other damages" alleged to have been suffered by plaintiffs; (d) when and how plaintiffs made a claim upon defendants; and (e) the relationship between plaintiffs and the entity identified as "Ozark Fitness," which is mentioned in the complaint but not defined.

Again, the Court notes that plaintiffs did not respond to the defendant's motion in any way. The Court finds that defendant is entitled to a more definite statement as described in the defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a more definite statement (#6) is **GRANTED.**

Dated this   20th   day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE